UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
OKEZIE I. ONYEANUSI,                     )
                                        )
            Plaintiff,                   )
                                        )
      v.                                 )          Civil Action No. 08-1172 (PLF)
                                        )
DISTRICT OF COLUMBIA,                    )
                                        )
            Defendant.                   )
_____ )


MEMORANDUM OPINION AND ORDER

        This is an employment discrimination case brought against the District of

Columbia by Okezie I. Onyeanusi, who was employed by the District of Columbia Health

Department from 1994 until he was terminated in 2006. Plaintiff's second amended complaint

alleges in Count I a violation of 42 U.S.C. § 1981, and in Count II a violation of Title VII of the

Civil Rights Act of 1964, as amended by the Civil Right Act of 1991, 42 U.S.C. § 2000e *et seq.*

Defendant moves for summary judgment on the first count, claiming, among other things, that

plaintiff's Section 1981 claim fails as a matter of law because that provision offers no private

right of action against state actors. Defendant moves for summary judgment on the second count

on the ground that plaintiff's termination was for a legitimate non-discriminatory reason and that

no reasonable jury could find that the reason given for plaintiff's discharge was a pretext for

discrimination.

        The Supreme Court held in *Jett v. Dallas Independent School Dist.*, 491 U.S. 701

(1989), that Section 1981 does not confer a private right of action against state actors. Instead,

persons alleging violations by state actors of the rights guaranteed by Section 1981 must pursue a

remedy under 42 U.S.C. § 1983. Congress subsequently amended Section 1981 in the Civil Rights Act of 1991, and plaintiff contends that the amended language indicates the presence of an implied cause of action arising directly under that provision. *See* Plaintiff's Opposition at 19-22. But federal courts are virtually unanimous in holding the opposite. *See Sledge v. Dist. of Columbia*, 869 F. Supp. 2d 140, 143 (D.D.C. 2012) (observing that "[s]even circuits have considered this issue, with all but one holding that Congress did not create such a cause of action by amending § 1981"). This consensus holds in this Circuit as well, although the court of appeals has yet to address the issue. *See Olatunji v. Dist. of Columbia*, 958 F. Supp. 2d 27, 33-34 (D.D.C. 2013); *Dave v. Dist. of Columbia Metropolitan Police Dep't*, 905 F. Supp. 2d 1, 12 & n.10 (D.D.C. 2012); *Sledge v. Dist. of Columbia*, 869 F. Supp. 2d at 142-45. This Court agrees with this view. Accordingly, because "the defendant here is not a private actor but the District of Columbia," plaintiff's claim that his rights under Section 1981 were violated "can be remedied exclusively through the cause of action for damages created by [Section] 1983." *Olatunji v. Dist. of Columbia*, 958 F. Supp. 2d at 33 (internal quotation omitted). As plaintiff asserts no claim for municipal liability under Section 1983, the Court will grant judgment to defendant on plaintiff's claim under Section 1981.

With respect to plaintiff's Title VII claim, defendant argues that no reasonable jury could find that plaintiff's termination was a pretext for discrimination, an argument that necessarily assumes that there are no genuine issues of material fact as to the reasons for plaintiff's discharge. On summary judgment, the evidence of the non-movant is to be believed and all justifiable inferences must be drawn in his favor. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, the Court cannot make credibility determinations or weigh the evidence before it on summary

judgment. *Barnett v. PA Consulting Group, Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013); *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007).

Viewing the evidence in the light most favorable to the plaintiff, the Court cannot find that there are no genuine issues of material fact that might lead a reasonable jury to decide in plaintiff's favor. For example, plaintiff has provided evidence of meetings in which his supervisor, Mr. Lee, stated that he had difficulty understanding plaintiff because of his "strong African accent," and in which Mr. Lee twice suggested that plaintiff see a speech pathologist because Lee wondered whether the general public, with whom plaintiff dealt in his job, could understand plaintiff when he spoke to them. *See* Plaintiff's Opposition at 17-18; Plaintiff's Statement of Material Facts ¶ 12; Plaintiff's Answer to Interrogatory No. 9 at 15. According to plaintiff, at these meetings Mr. Lee also directed profanity and acted belligerently towards him. Plaintiff's Statement of Material Facts ¶ 12; Plaintiff's Answer to Interrogatory No. 9 at 15. And at his deposition, plaintiff testified that he heard Mr. Lee tell someone, "you never hire people from Africa . . . particularly Nigerian." Deposition of Okezie Ike Onyeanusi at 47:2-21; *see also* Plaintiff's Answer to Interrogatory No. 9 at 14-15.

In sum, there clearly are genuine issues of material fact as to whether plaintiff's termination was for legitimate non-discriminatory reasons, questions which only a jury can resolve. For the foregoing reasons, it is hereby

ORDERED that defendant's motion for summary judgment [#50] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that judgment is entered for the defendant on Count I of plaintiff's second amended complaint; it is

FURTHER ORDERED that defendant's motion is DENIED as to Count II of the second amended complaint; it is

FURTHER ORDERED that on or before October 15, 2014, the parties shall meet and confer and file a joint written report stating whether they would like this case referred for mediation to the Court's Mediation Program or to a Magistrate Judge, or whether they wish to proceed to trial; and it is

FURTHER ORDERED that the parties shall appear for a status conference on October 21, 2014, at 10:00 a.m.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE:  September 24, 2014                     United States District Judge